## Christopher J. Kurtz v. George R. Graybill et al.

1. WILLS—*Construction of Particular Clauses.*—A general clause in a will authorizing executors to sell real estate, but not to sell a certain farm until they could get $30 an acre for it, is to be construed, not as a limitation upon the delegation of authority to the executors, but merely as evidencing a desire on the part of the testator to reasonably conserve the estate to the best advantage, and that the farm should be withheld a reasonable time from sale for the expectation of the price fixed, but if not realized within a reasonable period then to take its course under the general provisions of the will.

Assumpsit, to recover the purchase price of land, etc. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

CHAFEE & CHEW, attorneys for appellant.

ANTHONY THORNTON, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant filed his declaration in assumpsit against appellees as executors under the will of Thomas J. Graybill, deceased, to recover the purchase price of 240 acres of land of the estate sold by them to appellant. The declaration, setting up the will *haec verba,* alleges that Graybill devised all his property to his wife for life, appointed appellees his executors, and authorized them to sell all real estate outside of Alabama " except the farm on which Hugh Smith now lives, and as to said farm I desire my executors not to sell the same until they can get $30 an acre for the same;" to convert the proceeds, after paying all debts, to his wife, and requests her to join in conveyance to make good and sufficient title; that in consideration that appellant would buy the " Hugh Smith" land at $19.50 per acre, appellees promised to sell and convey, and covenant that they had power to sell and convey, and that the contract was fully executed. But alleges that appellees had no power to sell

and convey the "Hugh Smith" land until they could derive $30 an acre, wherefore the sale was void and appellant should recover.   A second count sets up a failure of consideration for the purchase price on the same facts; and a third count declares on the common counts.   By stipulation the parties agreed that joint and several demurrer to each count of the declaration be considered; that the copies attached to the declaration were true copies of the deed and will; that it is necessary to sell the land in question to pay debts, and that the only questions submitted for adjudication are whether appellees had power under the will to convey the land and whether appellant should recover upon the facts.   The demurrer to the declaration and each count thereof was sustained by the court; and upon election by appellant to stand by his declaration the court gave judgment in bar, and by this appeal a reversal of that judgment of the court is sought.

The effect of the demurrer being to establish such allegations of the declaration as are well pleaded, it follows that a decision of the matters here laid before the court turns upon a consideration of the Graybill will, with reference to the power of the executors to sell.   And it is first contended that instrument empowers the executors to sell the lands outside of Alabama, except the Hugh Smith farm in controversy, and that they are authorized to sell that farm only when they realize $30 per acre for it; and it is said the specifications of the purchase price to be had for this land is an absolute limitation upon the power of the executors to sell; that they could not lawfully dispose of the farm for less; and in that regard is likened to a real contingency.

If the contention of appellant be the true effect of the language of the will, it will place the clause marked as quoted in probable conflict with other portions of the instrument bearing upon the same subject-matter.   For by its terms the executors are given the duty to sell the lands and convert the proceeds into money to be paid the widow, after satisfying the creditors.   Should they wait until the Hugh Smith farm brought $30 an acre the land might never be

sold; and the provisions of the will remain unexecuted. If the recitals of the declaration are true, they did in fact wait five years before selling the land. In the light of the agreed fact—that the land must in any event be sold to pay debts, this is a practical demonstration of the dilatory effect of the clause under consideration, with the construction of it as contended for by appellant. That construction, then, is to be renounced where no general rule to that effect is in substance applicable.

If we seek the testator's intention relative to this land it is not reasonable to suppose that he intended to unduly prolong the period of administration upon his estate nor to render a portion of the will inoperative by any terms; but on the contrary, that he merely desired to impose on the executors his wish to reasonably conserve the estate to best advantage; were his intention otherwise it would be repugnant to the general provisions of the will and so should be disregarded, as in such cases particular provisions must yield to general ones. Updike v. Tompkins, 100 Ill. 406. Applying to this language the well-known rule that in the construction of wills effect will be given to each provision, so that every provision may be operative, we shall give to the language relating to the Hugh Smith land the meaning— and the testator's intention obviously accords with it—that this land should be withheld a reasonable time from sale for the expectation of $30 per acre; if not realized within such a reasonable period, then to take its course under the general provisions of the will. Such language was not a mandatory direction when considered with the context; it was no limitation upon the delegation of authority to his executors; it was no restriction upon the sale of the land. But it was merely the expression of his opinion that he expected the land to appreciate to the extent mentioned within a reasonable time, and his desire to give the estate the benefit of that opinion. Further, it can not be held, as argued, that the power to sell this land depended upon a certain contingency, such as should be recognized by the law as creating the restriction contended for. That the

land should ever advance to the price named is in such grave doubt, especially after the lapse of five years, as to entirely remove that incident from the category of events forming junctures in the passing of title. With this view the court is of the opinion that the executors were fully clothed with power and authority to sell the land as they did; and that appellant can not recover upon the facts disclosed.

As to appellant's contention that the common counts have been lost sight of in the proceeding it seems that consideration of them has been waived by the stipulation; and further, that no error is assigned upon them. It is, then, sufficiently apparent that the appellant rested his case upon the special counts.

The demurrer to the declaration was therefore properly sustained and the judgment of the Circuit Court will be affirmed.